Jacob BURNS, surviving spouse of Linda Sue Burns, deceased, Jacob Burns, Administrator of the Estate of Linda Sue Burns, Brad Hall Burns, By and Through his guardian and next friend, Jacob Burns, Billy Dale Barnett, By and Through his father and next friend, Billy Roger Barnett, Bryan Scott Brogdon, By and Through his father and next friend, Hamlin Levi Brogdon, Appellants,

v.

L.E. RADER, Director of Oklahoma Memorial Hospital, Department of Human Services, John M. Morton, M.D., David G. Folks, M.D. and Jerry B. Vannatta, M.D., Appellees.

No. 63145.

Supreme Court of Oklahoma.

July 22, 1986.

Micky Walsh, Manners, Merz & Walsh, Oklahoma City, for appellants.

Charles Lee Waters, General Counsel, Roger Stuart, Asst. General Counsel, Dept. of Human Services, Oklahoma City, for appellee, Oklahoma Memorial Hosp. Dept. of Human Services.

Michael C. Turpen, Atty. Gen., James B. Franks, Michael Scott Fern, Asst. Attys. Gen., for appellees.

Robert C. Margo, Cynthia L. Sparling, Oklahoma City, for appellees, John M. Morton, M.D., David G. Folks, M.D., Jerry B. Vannatta, M.D.; Short Barnes Wiggins Margo & Adler, Oklahoma City, of counsel.

ALMA WILSON, Justice:

Linda Burns entered Oklahoma Memorial Hospital on March 15, 1980. She was attended and treated by appellee hospital's staff and employees, including appellee physicians. Each physician was employed by the State of Oklahoma and working as either supervising physician, resident physician or intern. Mrs. Burns died on March 17, 1980, following treatment. Appellant, the surviving spouse of Mrs. Burns, brought this wrongful death suit against the director of the hospital, the Department of Human Services and three doctors, alleging negligent treatment and care.

In the trial court, Appellees raised the defense of sovereign immunity on behalf of the state teaching hospital, its employees and agents, and moved for summary judgment. Appellant countered, urging application of *Hershel v. University Hospital Foundation*, 610 P.2d 237 (Okl.1980). In *Hershel*, decided by this Court in April of 1982, a wrongful death action was brought against University Hospital (now Oklahoma Memorial Hospital) and four doctors. The plaintiff-surviving spouse alleged negligent treatment and care. This Court held that operation of the hospital was a *proprietary* function of the state, therefore, the state agency was *not* protected by sovereign immunity from liability for tortious conduct.

Cognizant of the nature of our decision in *Hershel, supra,* and its date of rendition and mandate, the trial court noted the decision was intended to warrant prospective application only and, thus, *Hershel, supra,* was not dispositive of the present cause which accrued prior thereto. The trial court accordingly granted Appellee's motion for summary judgment. The Court of Appeals, however, reversed the trial court on the basis of substantive vis-a-vis procedural analysis as regards our decision in *Hershel.* We granted certiorari to give effect to the criteria set forth by this Court's pronouncement in *Griggs v. State of Oklahoma ex rel. Oklahoma Depart-*

*ment of Transportation,* 702 P.2d 1017 (Okl.1985).

This Court in *Griggs, supra,* adopted the criteria previously set forth by the United States Supreme Court for determining the proper effect to be given to "new *non-Constitutional,* non-criminal rule changes".[1] The criteria set forth in *Griggs,*[2] does not embrace a substantive-procedural test; rather, it proposes a balancing of interests analysis.

The Court of Appeals erroneously applied a procedural-substantive test in contravention of our pronouncement in *Griggs* and reversed summary judgment for the defendant. The inequitable impact of the error cannot stand. Prior to our pronouncement in *Hershel,* state hospitals could not purchase liability insurance because they had no legislative authority to do so. Before this Court had spoken, prevailing lower authority dictated that where immunity exists, such insurance may not be purchased.[3] According to the *Griggs* criteria, such wide and extended exposure to liability of the State of Oklahoma greatly militates against premature abrogation of this State's traditional sovereign immunity in causes accruing prior to the mandate of *Hershel,* and litigated thereafter; but *Vanderpool v. State,* 672 P.2d 1153 (Okl.1983), abrogated immunity in its entirety, effective October 1, 1985.

The opinion of the Court of Appeals is REVERSED AND VACATED; and the judgment of the trial court is AFFIRMED.

SIMMS, C.J., and HODGES, LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

OPALA, J., concurs in judgment.

KAUGER, J., disqualified.

1. *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

2. 702 P.2d 1017 (Okl.1985) at 1020.

3. *See,* Opinions of the Attorney General: 4 Okl. Op.A.G. 75 (1971); 4 Okl.Op.A.G. 338 (1971); 4 Okl.Op.A.G. 385 (1971); 4 Okl.Op.A.G. 453 (1971); 5 Okl.Op.A.G. 114 (1972); 6 Okl.Op.A.G. 233 (1973).