Charles F. FOX, Appellant,

v.

OKLAHOMA MEMORIAL HOSPITAL, formerly known as University Hospitals and Clinics, an Oklahoma corporation; Jay P. Cannon, M.D., individually and as associate professor of Surgery, Oklahoma Memorial Hospital, formerly known as University Hospitals and Clinics; Robert Milne, M.D., individually and as resident in surgery, Oklahoma Memorial Hospital, formerly known as University Hospitals and Clinics; Renee Willis, M.D., individually and as operating room assistant, Oklahoma Memorial Hospital formerly known as University Hospitals and Clinics; Sheila Harper, R.N., individually and as operating room attendant nurse, Oklahoma Memorial Hospital, formerly known as University Hospitals and Clinics; Matthew Anderson, individually and as operating room scrub technician, Oklahoma Memorial Hospital, formerly known as University Hospitals and Clinics; and John C. Glasgow, M.D., individually and as operating room assistant, Oklahoma Memorial Hospital, formerly known as University Hospitals and Clinics, Appellees.

No. 63714.

Supreme Court of Oklahoma.

March 7, 1989.

As Corrected June 14, 1989.

Rehearing Denied June 20, 1989.

Howard K. Berry, III, Carolyn S. Thompson, Oklahoma City, for appellant.

Charles Lee Waters, Gen. Counsel, Roger Stuart, Asst. Gen. Counsel, Oklahoma City, for appellee, Oklahoma Memorial Hosp.

Robert C. Margo, Benjamin J. Butts, Cynthia L. Sparling, Oklahoma City, for appellees, Jay P. Cannon, M.D., Robert Milne, M.D., Renee Willis, M.D., and John C. Glasgow, M.D.

---

KAUGER, Justice.

Two issues are presented by the appellant, Charles F. Fox (Fox): (1) Whether *Hershel v. Univ. Hosp. Found.*, 610 P.2d 237, 241 (Okla.1980), should be given retrospective application; and (2) Whether the trial court erred in entering judgment concerning the liability of physicians and staff on the issue of gross negligence. We find that: (1) The cause against the State is governed by *Burns v. Rader*, 723 P.2d 266, 268 (Okla.1986). *Burns* determined that *Hershel* operates prospectively to causes accruing after its mandate; and (2) The trial court erred in entering summary judgment because issues of material fact exist concerning whether the hospital physicians and staff were grossly negligent.

## FACTS

On February 7, 1980, Fox was admitted to Oklahoma Memorial Hospital (Hospital) for treatment of a gunshot wound to the abdomen. Under the supervision of hospital staff and physicians, Fox underwent surgery on the following day. Although the surgery was apparently successful, Fox continued to experience abdominal pain. Pain medication was prescribed for the discomfort. Over the next two years, Fox missed work on a regular basis because of continued pain and nausea radiating from the lower abdomen. In an attempt to discover the cause of the continuing pain and discomfort, Fox's attending physician took x-rays on May 28, 1982. The x-rays revealed that a surgical clamp had been left in Fox's abdomen during the February 8th surgery. The clamp was a 6½ inch, scissor like, Oschner clamp. On June 4, 1982, Fox underwent a second surgery at Baptist Medical Center to remove the clamp.

On July 9, 1982, Fox filed a petition alleging that the State and various physicians and staff were negligent in his treatment. Fox's petition was amended on

March 26, 1984, to include allegations of gross negligence on the part of the state surgeons and other operating room personnel. The State moved for summary judgment on November 5, 1984, asserting that no substantial controversy existed as to any material fact. The physicians filed a similar motion on November 28, 1984. The trial court granted the two motions for summary judgment on January 24, 1985, finding that *Hershel* applied only prospectively.

## I

### STATE OPERATED HOSPITALS ARE IMMUNE FROM SUIT FOR TORTIOUS ACTS OCCURRING BEFORE APRIL 15, 1980.

■ In *Hershel v. Univ. Hosp. Found.*, 610 P.2d 237, 240–41 (Okla.1980), this Court held that operation of a state hospital was a proprietary function of the state; and therefore, the doctrine of sovereign immunity did not shield the state from liability in tort. In *Burns v. Rader*, 723 P.2d 266, 268 (Okla.1986), we considered the precise issue presented here—whether *Hershel* should operate retrospectively. After weighing the state's potential for liability, we held that *Hershel* should be applied prospectively. Because the negligence action in the case at bar accrued before the mandate in *Hershel*, the *Burns* case is dispositive. The doctrine of sovereign immunity shields the State from liability in tort. Summary judgment was properly entered for the State.

## II

### THE DOCTRINE OF SOVEREIGN IMMUNITY DOES NOT SHIELD STATE EMPLOYEES FROM TORT LIABILITY FOR GROSS NEGLIGENCE. DISPUTED ISSUES OF FACT ON THE QUESTION OF WILFUL AND WANTON CONDUCT MADE THE AWARD OF SUMMARY JUDGMENT ERRORONEOUS.

■ In order to avoid undue deterrance and intimidation, government employees are afforded a reasonable degree of protection for acts undertaken in their official capacities. However, the protection afforded does not extend to acts of wilful or wanton conduct amounting to gross negligence.[1] Oklahoma recognizes three degrees of negligence—slight, ordinary and gross.[2] Gross negligence is defined by 25 O.S.1981 § 6 as the lack of slight care and diligence.[3] The question is whether the negligence of the hospital physicians and staff was either so flagrant, so deliberate, or so reckless that it is removed from the realm of mere negligence. The intentional failure to perform a manifest duty in reckless disregard of the consequences or in callous indifference to the life, liberty or property of another, may result in such a gross want of care for the rights of others and of the public that the finding of a wilful, wanton, deliberate act is justified.[4]

■ In *Neal v. Donahue*, 611 P.2d 1125, 1129–30 (Okla.1980), this Court found that allegations that a physician knew or should have known that certain notification procedures were to be followed before release of a patient, along with release prior to the time when the doctor had reason to believe

---

1. See, *Holman v. Wheeler*, 677 P.2d 645, 647 (Okla.1983); *Neal v. Donahue*, 611 P.2d 1125, 1129 (Okla.1980). See also, Comment (j) to Restatement (Second) of Torts § 895D (1977) and Annot., "Immunity from Liability for Damages in Tort of State or Governmental Unit or Agency in Operating Hospital," 25 A.L.R.2d 203, 224 (1952).

2. Title 25 O.S.1981 § 5 provides:
   "There are three degrees of negligence, namely, slight, ordinary and gross. The latter includes the former."
   See also *State ex rel. Okla. Bar Ass'n v. Braswell*, 663 P.2d 1228, 1232 (Okla.1983).

3. Title 25 O.S.1981 § 6 provides:
   "Slight negligence consists in the want of great care and diligence; ordinary negligence in the want of ordinary care and diligence; and gross negligence in the want of slight care and diligence."

4. *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632, 651 (1983); *Wierstak v. Heffernan*, 789 F.2d 968, 974 (1st Cir.1986); *Mitchell v. Ford Motor Credit Co.*, 688 P.2d 42, 45–6 (Okla.1984); *Thiry v. Armstrong World Industries*, 661 P.2d 515, 517 (Okla.1983); *Wootan v. Shaw*, 205 Okl. 283, 237 P.2d 442, 444 (1951).

that the patient was cured, were sufficient to denote wilful and wanton conduct. Here, Fox alleged that: (1) the physicians and staff were charged with the duty to keep count of the surgical instruments used in the operation; (2) that the surgeons acted wilfully and wantonly and with reckless disregard for his health, safety and life by failing to adequately inspect his open abdomen; and (3) the pain, suffering and loss of earnings were a direct result of the gross negligence and reckless, wilful and wanton conduct of the hospital physicians and staff.[5] Fox also presented medical testimony that the 6½ inch clamp was clearly visible at the time of the second operation despite the fact that it was covered by scar tissue and that the operative note indicating that the instrument count was correct had been altered after it was typed.[6]

Summary judgment is proper only when the pleadings, affidavits, depositions, admissions, or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[7] The doctors' and employees' conduct demonstrates the presence of an issue of fact—the degree of negligence which the individuals exercised. Like the allegations in *Neal*, the allegations and the deposition testimony taken as a whole might be construed to support a finding of wilful, wanton, conduct amounting to gross negligence. Issues of negligence and the degrees thereof are questions for the trier of fact.[8] Because of the existence of disputed facts concerning the gross negligence of the hospital physicians and staff, the trial court erred in entering summary judgment.

**AFFIRMED IN PART; REVERSED IN PART**

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON, and SUMMERS, JJ., concur.

SIMMS, J., concurs in part, dissents in part.

---

5. The State's brief contains an assertion that the appellees, Sheila Harper, R.N., operating room nurse, and Matthew Anderson, operating room assistant, are shielded from suit by the doctrine of sovereign immunity. The amended petition contains allegations that these parties were responsible for keeping count of surgical instruments and that this action was performed recklessly and carelessly. Although this allegation alone is not sufficient to hold state employees civilly liable under the doctrine of *Neal v. Donahue*, 611 P.2d 1125, 1129–30 (Okla.1980), the petition also alleges that actions of these parties were "gross(ly) negligent and reckless, wilfull and wanton ..." Just as allegations of wilful and wanton conduct are sufficient to present a question of fact as to the liability of the attending physicians, they are also sufficient to present a question of fact as to the liability of the operating room nurse and operating room assistant.

6. As the evidentiary material in the record indicates, the doctor responsible for the surgical procedure stated that he added the statement concerning the instrument count. This was done despite the fact that instrument counts were not routine at the time the February 8th surgery was done.

7. *Buckner v. Gen. Motors Corp.*, 760 P.2d 803, 812 (Okla.1988).

8. *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla. 1984); *Prickett v. Sulzberger & Sons Co.*, 57 Okl. 567, 157 P. 356, 365 (1916).