80   135
139   052

[No. 12934.   In Bank. — August 5, 1889.]

JOHN I. YERIAN, RESPONDENT, v. JOHN H. LINKLETTER, APPELLANT.

PRACTICE — ORDER GRANTING AMENDMENT TO STATEMENT NOT APPEALABLE. — An order granting an amendment to a proposed statement of the case on a motion for a new trial is not appealable.

NEGLIGENCE — GROSS CARELESSNESS — EXEMPLARY DAMAGES — INSTRUCTION. — In an action to recover damages for personal injuries caused by the negligence of the defendant in recklessly driving in the street of a city, it is error to instruct the jury that exemplary damages could be given if the defendant was grossly careless. In order to warrant such damages, under section 3294 of the Civil Code, the defendant, in doing the grossly careless act, must have been guilty of oppression, or fraud, or malice, actual or presumed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*M. J. Waldheimer, Lucien Shaw,* and *James M. Damron,* for Appellant.

In order to entitle the plaintiff to exemplary damages, facts justifying such damages should have been alleged in the complaint. (*International & G. N. R'y Co.* v. *Garcia,* 70 Tex. 207; *Sullivan* v. *Oregon R'y & N. Co.,* 12 Or. 392.) Under section 3294 of the Civil Code, gross carelessness

by the defendant is not sufficient to authorize exemplary damages. There must also have been oppression, fraud, or malice. (Sedgwick on Damages, 7th ed., 570, and note; *Leavenworth L. & G. R'y Co.* v. *Rice*, 10 Kan. 437; *Kansas P. R. Co.* v. *Kessler*, 18 Kan. 525; *Batterson* v. *C. & G. T. R'y*, 49 Mich. 191; *Gansly* v. *Perkins*, 30 Mich. 495; *Kreiter* v. *Nichols*, 28 Mich. 499; 1 Sutherland on Damages, 724; *Kolb* v. *O'Brien*, 86 Ill. 213; *Stillwell* v. *Barnett*, 60 Ill. 210; *M. & C. R. R.* v. *Whitfield*, 44 Miss. 494.)

*B. M. Marble,* and *J. G. McCallum,* for Respondent.

The act charged, constituting a trespass, and being an invasion of the plaintiff's rights, and having been inflicted in a grossly careless manner, warranted exemplary damages. (Civ. Code, sec. 3294; *Brown* v. *Evans*, 8 Saw. 490; *Day* v. *Woodworth*, 13 How. 363.)

FOOTE, C. — Action for damages alleged to have been caused by the defendant driving his horse and vehicle, on a street of the city of Los Angeles, in such a negligent, careless, fast, and altogether reckless manner, and without ordinary care and caution, as to run over, knock down, and injure the plaintiff, etc. Judgment was given against the defendant, upon the verdict of a jury, in the sum of eight hundred dollars. From that, and an order refusing a new trial, the defendant appeals.

The court instructed the jury, in writing: "If the jury find, from the testimony, that the plaintiff was injured by the act of the defendant, as alleged in the complaint, and that in doing such an act the defendant was grossly careless, then the jury may give what is termed punitive, vindictive, or exemplary damages; in other words, blend together the interests of society and of the aggrieved individual, and give damages not only to recompense the sufferer, but to punish the offender, and not exceeding the amount claimed in the complaint."

From a bill of exceptions it appears that another in-

struction was embodied in the statement on motion for a new trial as originally prepared, as being erroneous, but the plaintiff moved as an amendment to the statement that it be struck out. The court granted the amendment, and the instruction was struck out. The defendant claims that the order striking it out is appealable, and may be reviewed in this proceeding.

The statutory remedy for proving an exception claimed to have been refused to be allowed by the judge in accordance with the facts has not been pursued, and the defendant's contention on the point is without force.

It is further claimed by him that the trial court erred in granting the instruction *supra.*

It may be said that there might be acts committed by an individual resulting in the injury of another, of such altogether careless a character as to warrant the inference by a jury, from all the facts and circumstances surrounding the transaction, that the defendant, in an action where he was sued for damages for the injury inflicted, was guilty of "oppression, fraud, or malice, actual or presumed." But while this is so, it does not follow that an instruction to the jury is proper, under section 3294 of the Civil Code, which declares that "gross carelessness" of itself will warrant a verdict, in vindictive or punitive damages.

The language of that section is, that such damages may be given "in any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed."

It cannot be said that an act of gross carelessness is always an act done through fraud, oppression, or malice, actual or presumed. The evidence showing the grossly careless act may reveal malice, actual or presumptive, oppression, or fraud, but it is not to be said that such malice, or oppression, or fraud, necessarily exist where "gross carelessness" is shown.

The instruction under consideration gave the jury to understand that upon gross carelessness being shown to have resulted in the plaintiff's injury, exemplary damages could be given, but did not state further that the ingredient of oppression, or fraud, or malice, "actual or presumed," must be shown in evidence to have existed on the part of the defendant, in the doing of the grossly careless act.

The instruction was not, therefore, in accordance with the statute *supra.*

We advise that the judgment and order be reversed.

HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed.

PATERSON, J., concurring.—I do not think it can be said, as a matter of law, that vindictive or exemplary damages may be given in every case where there has been gross carelessness. It is only where the act was the result of willful misconduct,—that reckless indifference of the rights of others which is tantamount to an intentional violation of them,—that exemplary damages can be recovered under section 3294 of the Civil Code. Where the misconduct shows such an entire want of care as would justify the jury in believing the party charged with negligence has been guilty of a conscious indifference to consequences, it may be said that "the defendant has been guilty of oppression, fraud, or malice, actual or presumed," within the meaning of those words as used in section 3294, *supra.* (Sedgwick on Damages, 6th ed., 570.)

THORNTON, J., dissenting.—I dissent. I think the instruction referred to in the opinion is correct. The reckless driving proves oppression. If the defendant desired an explanatory instruction, he should have asked it. There was no error in the instruction as given.

WORKS, J., dissented.