RAILWAY COMPANY *v.* LEE.

(*Knoxville.* October 10, 1891.)

1. SUPREME COURT. *Presumption in favor of trial Judge's action in granting new trial.*

This Court will presume that the trial Judge set aside verdict and granted new trial because he was not satisfied upon the facts of the case, where he has not stated, nor been requested to state, the reasons for his action—no other grounds for new trial appearing in the record.

2. PRACTICE. *Court must define and state issues to jury.*

It is the duty of the trial Judge to construe the pleadings, and to clearly define and distinctly state to the jury the issues submitted for their determination. The trial Judge cannot perform, or rather evade performance of, this duty by merely referring the jury to the pleadings to ascertain the issues. Such action on the part of the trial Judge constitutes reversible error.

3. CHARGE OF COURT. *Not called for by the facts.* *Vindictive damages.*

It is error for the trial Judge to charge upon the subject of vindictive damages in a personal injury case, when the facts are clearly insufficient to justify the allowance of such damages. But for this error the Court will not reverse if it clearly appears that no injury has resulted therefrom.

4. SAME. *Erroneous as to vindictive damages.*

Court's charge upon the subject of vindictive damages in a personal injury case is erroneous, which merely instructs the jury that they may allow vindictive damages if they find that the defendant's act was characterized by "gross negligence," without explaining that "gross negligence" in this connection implies such entire want of

care or recklessness of conduct as is the equivalent of "positive misconduct" or evinces "a conscious indifference to consequences."

Cases cited and approved: Railroad *v.* Guinan, 11 Lea, 103; 91 U. S. Rep., 495.

FROM HAMBLEN.

Appeal in error from Circuit Court of Hamblen County. W. R. HICKS, J.

W. M. BAXTER, J. T. & J. K. SHIELDS, and W. S. DICKSON for Railway Co.

O. C. KING and FRANK LAFFERTY for Lee.

LEA, J. This is an action for damages for injuries sustained by Mrs. Lee while alighting from the railroad company's train at Mossy Creek. There were two trials. Upon the first there was a verdict for plaintiffs. A new trial was granted upon motion of the railroad company, to which action of the Court a bill of exceptions was taken and filed. Upon a second trial there was a verdict and judgment for plaintiffs, but for a less sum than the first trial. New trial being refused, the company has appealed. Both records are here. It is insisted for plaintiffs that there was no error in the charge of the Court upon the first trial, and that the evidence sustained the verdict, and it

should not have been set aside and a new trial granted. The plaintiff in error assigns errors in the charge of the Court in both trials.

The record fails to show upon what ground the trial Judge set aside the verdict, or that he was requested by counsel to state his reasons therefor. This Court has repeatedly held that if the record fails to show the reasons for his action, and no request is made to state his reasons, that we will presume that he exercised a discretion given him by law to grant a new trial when he is dissatisfied with the verdict upon the facts.

In the absence of reasons given, we will affirm the action of the Court below in granting a new trial upon the first trial of this case. There were errors in the charge of the Court upon the first trial, and, because repeated in his charge upon the second trial, the judgment in this case must be reversed and a new trial granted. Among other things, the trial Judge charged:

"In this case the plaintiffs sue the defendant to recover damages which they allege accrued to female plaintiff because of certain alleged injuries which they allege resulted to her by reason of the wrongs of the defendant or servants, agents, or employes. These wrongs and injuries are set out in plaintiffs' declaration, which you will have out with you, and which you will read. In the defendant's plea, which you will have out with you and which you will read, these wrongs and injuries are denied and the recovery resisted. These pleadings form

the issue, which you ought to remember you were sworn to well and truly try, and a true verdict render upon the law and the evidence."

It was the duty of the Court to specifically state to the jury what issues were raised by the pleadings—not to refer them to the pleadings to ascertain for themselves what the issues were. The construction of pleadings, and the issues raised thereby, are questions for the Court alone to determine, and not for the jury. In this action of the Court there was error.

Again, in regard to compensation he charged: "This compensation should be only such as would reasonably compensate the said plaintiff for her mental and physical suffering, for the loss of time, and such necessary expenses as the proof shows to have resulted to her from such injuries as she received, *unless* you should find the injuries were the result of gross negligence on the part of defendant's agents. Should you find such gross negligence or carelessness, you may add to it such a sum· as may be proper, in your judgment, as punitive damages; this, however, is only allowed in punishment, and not simply to make greater the recovery, and is not then allowed unless the negligence is gross."

Exemplary damages are only allowed where a wrongful act is done with a bad motive, or so recklessly as to imply a disregard of social obligations, or where there is negligence so gross as to amount to positive misconduct. 11 Lea, 103.

There must have been some willful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences. 91 U. S. Rep., 495.

The charge, therefore, in regard to punitive damages was erroneous, because he did not explain to the jury under what circumstances punitive damages would be allowed. The charge, if correct, should not have been given, because there are no facts in this case authorizing the giving of such a charge. The Court should only charge the law upon facts developed in the case. While, if we could clearly see that no injury resulted from such charge, we might not reverse, yet it is erroneous for the Judge to give any charge upon any subject not applicable to the facts of the case.

There are other errors in the charge which counsel for plaintiffs and defendant, in argument, admit are sufficient to reverse the judgment.

The cause will be remanded, and defendants in error will pay the cost.