## WOOTAN v. SHAW.

No. 34157.   Nov. 6, 1951.

*237 P. 2d 442.*

Pierce, Rucker, Mock, Tabor & Duncan and James W. Shepherd, Jr., Oklahoma City, for plaintiff in error.

Carl W. Hogge, Oklahoma City, for defendant in error.

DAVISON, J.  This is an appeal from a judgment founded upon a jury verdict awarding punitive damages to the plaintiff, Leslie Shaw, against the defendant, Ralph Wootan, d/b/a Ralph's Drug Company, because of the gross negligence of an employee of said defendant in unlawfully selling plaintiff several capsules of sodium amytal without requiring the prescription of a doctor.  The parties will be referred to as they appeared in the trial court.

The defendant Ralph Wootan was the owner and operator of a drugstore in Oklahoma City, Okla., wherein he had in his employ the defendant Harry S. McMillian, as pharmacist. On February 21, 1948, the plaintiff went to defendant's drugstore to get some medicine to relieve a headache. The defendant McMillian sold him eight capsules containing the drug "sodium amytal" and instructed plaintiff to take them in the same manner as he would take Anacin tablets.  Plaintiff took two of the capsules in the drugstore and the next morning took two more and subsequently took two more.  As a result thereof, plaintiff was unconscious for two days and was away from his work some eight days.  He was treated during this time by a physician who appeared as a witness at the trial.  McMillian sold this medicine to plaintiff without requiring a prescription of a physician and in violation of law.

Plaintiff filed this action on April 30, 1948, seeking to recover from both defendants damages resulting from the administration of the drug and also to recover punitive or exemplary damages.  Defendants admitted liability and the cause was tried to a jury to determine the amount of damages recoverable.  The verdict fixed the amount of plaintiff's recovery at $137 actual damages and $363 punitive damages.  From the judgment rendered upon the verdict, the defendant Ralph Wootan has perfected this appeal.

Defendant, by this appeal, attacks only that part of the verdict and judgment awarding punitive damages and contends that the trial court erred in giving the following instruction to the jury relative thereto:

"You are instructed that our statutes provide that in any action for the

breach of an obligation not arising from contract where it is shown that the defendant has been guilty of violation, of a positive criminal statute or of oppression, fraud or malice, actual or presumed, the jury, in addition to actual damages, may allow damages for the sake of example, and by way of punishing the defendant.

"If you find from a preponderance of the evidence that the defendants are guilty of any criminal intent, oppression, fraud or malice, actual or presumed, in the sale to the plaintiff of the drug described in the evidence, then you may consider whether or not the plaintiff is entitled to exemplary damages against the defendants, and if you find for the plaintiff on this point your verdict for punitive damages must not exceed the amount sued for thereon, $2,500."

No other instruction was given on that issue.

Exemplary damages are recoverable in this jurisdiction by virtue of section 9, Title 23 O.S. 1941, which provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

The instruction authorizes the recovery of exemplary damages on an additional ground to those specified in the statute. The general rule with reference to instructing a jury upon the provisions of a statute is stated in 15 A.L.R. 1491, as follows:

"An instruction containing words which constitute a departure in any essential respect from the provisions of the statute is deemed to be erroneous."

The case of Kedes v. Christian County Coal Co., 149 Ill. App. 434, is cited in support thereof.

This court has, on several occasions, pointed out the elements which must exist to permit recovery of punitive damages as authorized by the above-quoted statute. In the case of Keener Oil & Gas. Co. v. Stewart, 172 Okla. 143, 45 P. 2d 121, it was held:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent."

That rule was followed in the case of Pure Oil Co. v. Quarles, 183 Okla. 418, 82 P. 2d 970, wherein this court further held that the mere violation of a statute was insufficient to warrant a judgment for punitive damages, though there was actual damage. The California court, in the case of Yerian v. Linkletter, 80 Cal. 135, 22 P. 70, had under consideration the propriety of the trial court's giving an instruction which authorized the recovery of punitive damages where the defendant was guilty of gross carelessness. Therein, it was held that "gross carelessness" of itself did not constitute "oppression, fraud or malice, actual or presumed," as provided by the statute, and that the giving of the instruction was error. In Railway Co. v. Lee, 90 Tenn. 570, it was held that it was error to give an instruction which authorized the jury to allow vindictive damages if they found that the defendant's act was characterized by " 'gross negligence," without explaining that " 'gross negligence' in this connection implies such entire want of care or recklessness of conduct as is the equivalent of 'positive misconduct' or evinces 'a conscious indifference to consequences.' "

The instruction complained of in the case at bar had the effect of authorizing recovery of punitive damages if the defendant was merely guilty of violating a positive criminal statute. Such was beyond the scope and meaning of the statute and was in conflict with the conclusion reached in the case of Pure Oil Co. v. Quarles, supra. The giving of such instruction constituted error. Having reached this conclusion,

it is unnecessary to consider the other assignments of error.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and BINGAMAN, JJ., concur.