**STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**William D. BORDERS, Respondent.**

**SCBD No. 3484.**

Supreme Court of Oklahoma.

July 6, 1989.

**OPINION BY ORDER**

HODGES, Chief Justice.

This matter comes before the Court upon Complainant's complaint and request for professional sanctions against respondent lawyer. Three counts of misconduct were alleged and the matter was duly heard by the Trial Panel of the Professional Responsibility Tribunal, which made conclusions of law and forwarded its recommendations to the Court.

Upon review of all the matters contained of record herein, the Court finds as follows:

As to Count I

Respondent was retained by Randy Evins to represent Evins in a felony prosecution in Tulsa County, Case No. CRF-84-3617. Following trial Evins was found guilty of Burglary in the Second Degree After Former Conviction of a Felony and on December 20, 1984, he was sentenced to a prison term of 27 years. At the sentencing hearing respondent requested orally that he be permitted to withdraw from representing the defendant, which request was allegedly then and there denied by the trial court. The trial court further ordered respondent to take all steps necessary to perfect the defendant's appeal of his conviction, including a Motion for New Trial. Thereafter, respondent timely filed a Notice of Intent to Appeal and a Designation of Record. Complainant alleges that respondent did not, however, file a Petition in Error or brief on appeal, nor did he under-

take any further action on behalf of the defendant.

Complainant presented evidence that respondent had failed and neglected to communicate with the defendant's mother who was seeking information about the status of defendant's appeal and that he failed and neglected to cooperate with the Tulsa County Public Defender's office to protect the defendant's rights on appeal.

After hearing the evidence the Trial Panel concluded as to Count I that complainant had failed to present clear and convincing evidence to prove its allegation that no appeal had been perfected. Rule 6.12(c), Rules Governing Disciplinary Proceedings. The panel did find clear and convincing evidence that by his failure to communicate and cooperate with those people seeking to assist the defendant on appeal respondent had neglected a legal matter entrusted to him in violation of DR 6–101(A)(3) [see now, Rule 1.3, Rules of Professional Conduct, 5 O.S.1988 Supp., Ch. 1, App. 3–A].

Upon review of the evidence of record in support of Count I, this Court agrees that the evidence presented fails to clearly and convincingly show neglect on the part of respondent of his responsibility to perfect an appeal. We further agree that respondent's actions in failing to communicate with defendant's mother and with the Public Defender's office are acts of professional malfeasance which amount to neglect and which merit discipline.

## As to Count II

Upon being informed of the complaint of Evins, respondent made an answer in which he affirmatively alleged that the trial court had in fact granted his oral motion to withdraw as defendant's counsel, though the court records do not reflect the entry of such an order. In Count II complainant alleges that this allegation amounts to an attempt by respondent to engage in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1–102(A)(4) [see now, Rule 8.4(c)].

During proceedings before the Trial Panel respondent reasserted and argued this defense by testifying to the fact of the entry of the order allowing withdrawal and by stating the trial court's records were in error or incomplete. The panel heard competent though contested evidence on the issue and concluded that complainant had failed to meet its burden of proving its allegation as to this count by clear and convincing evidence.

This Court's review of the record leads us to find the conclusion of the Trial Panel was correct and the evidence as to Count II does not support the imposition of professional discipline.

## As to Count III

In this count complainant alleged and presented evidence that respondent lost an abstract of title which had been entrusted to him by Harvey and Linda Lewis, that he failed and neglected to cooperate with them or with the Grievance Committee of the Tulsa County Bar Association in efforts to resolve the matter, and that ultimately the Lewises were forced to pay to have a replacement abstract compiled and certified. The count further alleged that Respondent did not reimburse the Lewises for their expense until after he had been notified of their complaint by complainant.

After hearing evidence on this count the Trial Panel concluded that respondent had violated DR 9–102 [see now, Rule 1.15] by failing to preserve the property of a client, and had violated DR 6–101(A)(3) [see now, Rule 1.3] by failing to act diligently to represent his clients' interests.

A review of the evidence by this Court supports the findings and conclusions of the Trial Panel and we find respondent's actions as set out in Count III merit professional discipline.

## CONCLUSION

This Court has previously held in the case of *State ex rel. Oklahoma Bar Ass'n v. Braswell,* 663 P.2d 1228, 1232 (Okl.1983), that where, as here, an attorney is guilty of neglect of a legal matter without affirmative acts of harmful conduct, the appropriate discipline is public censure.

IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED by the Court that respondent, William D. Borders, be, and he is hereby, censured and reprimanded for the reasons set out hereinabove.

IT IS FURTHER ORDERED that respondent pay all costs incurred by complainant in the course of these proceedings.

DONE BY THE SUPREME COURT IN CONFERENCE THIS 5th DAY OF JUNE, 1989.

LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., and OPALA, V.C.J., dissent.

SIMMS, J., not participating.

OPALA, Vice Chief Justice, with whom HARGRAVE, Chief Justice, joins, dissenting.

I dissent from the lenient discipline imposed by today's decision. Because in my view Border's derelictions charged in Counts I and III rise to reckless indifference to his clients' wellbeing, I would order him suspended for 30 days on each count, with the time to run consecutively.

The evidence is clear and convincing that Borders violated both DR 6–101(A)(3)[1] and DR 9–102.[2] As for the misconduct charged in Count I, Borders ignored the numerous calls from his client's mother and from the public defender's office concerning the status of his client's appeal. He was aware a problem existed but took no action to ensure that his client's interests were protected. As for Count III, Borders did not take proper care of his client's property. Instead of parting with the abstract upon completing a title opinion in 1981, he retained the document and then would not respond to the many calls requesting its return. Even after reaching Borders, who then offered to locate the abstract, the client never heard back about the result of the promised search. Moreover, Borders refused to answer an inquiry about the missing abstract from his former client's new lawyer. His failure to produce the abstract and his refusal to communicate about it no doubt had serious economic consequences to those whom he was bound to serve faithfully. The clients harmed by the conduct charged in Counts I and III were forced to secure other legal assistance to rectify Border's dereliction of duty.

In *State ex rel. Oklahoma Bar Ass'n v. Braswell*[3] we dealt with a lawyer's professional delinquency which was pressed upon us as *"grossly negligent"* in degree[4]—the

---

**1.** The terms of DR 6–101(A)(3), Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 3, are:

"(A) A lawyer shall not: * * * (3) Neglect a legal matter entrusted to him."

**2.** The pertinent provisions of DR 9–102(B), Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 3, are:

"(B) *A lawyer shall:*

\* \* \* \* \* \*

(2) Identify and label securities and *properties of a client* promptly upon receipt and *place them in a* safe deposit box or other *place of safekeeping as soon as practicable.*
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
(4) *Promptly* pay or *deliver to the client as requested by a client* the funds, securities, or other *properties in the possession of the lawyer which the client is entitled to receive."* [Emphasis supplied.]

**3.** *State ex rel. Oklahoma Bar Ass'n v. Braswell,* Okl., 663 P.2d 1228, 1232 [1983].

**4.** Oklahoma recognizes three degrees of negligence—slight, ordinary and gross. 25 O.S.1981 § 5.

The statutory definition of *gross negligence* is "want of slight care and diligence." 25 O.S.1981 § 6. Slight care or diligence is "such as persons of ordinary prudence usually exercise about their own affairs of slight importance." 25 O.S. 1981 § 4.

The statutory definition of *ordinary negligence* is the "want of ordinary care and diligence." 25 O.S.1981 § 6. Ordinary care or diligence is "such as [persons of ordinary prudence] ... usually exercise about their own affairs of ordinary importance." 25 O.S.1981 § 4.

The statutory definition of *slight negligence* is "want of great care and diligence." 25 O.S.1981 § 6. Great care or diligence is "such as [persons of ordinary prudence] ... usually exercise about their own affairs of great importance." 25 O.S.1981 § 4.

law's equivalent of intentional miscon-duct. We there held that suspension was unwarranted because no *"active"* negligence was shown.[5] Public censure was held to be appropriate when the proof demonstrates neglect by inaction.[6] The court in *Braswell* gave three examples of "affirmative" or "active" misconduct: (1) misrepresentation, (2) failure to return a client's calls and (3) neglecting to check on the status of a matter that has been brought to the attorney's attention.[7] Borders had been derelict with respect to the latter two categories of misconduct. The record shows a pattern of professional dereliction in the category of active misconduct—i.e. refusal to return clients' calls, failure to answer letters, refusal to communicate with clients concerning the status of their litigation or their property's location and failure to monitor the status of a case *after* a serious problem had been brought to his attention.

Mere *passive* professional neglect,[8] where active misconduct is absent, warrants no more than public censure. When negligence is coupled with *active* harm dealing,[9] more severe discipline is clearly in order. A lawyer's active professional neglect and mishandling of client's property may cause serious economic damage. The public must be secure in its day-to-day reliance on legal practitioners for delivery of service with utmost care and dispatch. A constant flow of communication between attorney and client constitutes a vital part of a lawyer's professional undertaking. When a client seeks information, prompt responsive action should be forthcoming. Prolonged and willful silence by failure to return calls or answer letters is the very kind of neglect that destroys the public's confidence in the integrity of the Bar. *In sum, ignoring a client's repeated pleas for service that is justifiably due is active professional wrongdoing. If, as here, the lawyer knows, or should know, that the dereliction of duty is fraught with serious harm-dealing consequences, withholding services amounts to reckless indifference.*[10]

Borders' misconduct, which clearly constitutes *reckless indifference* to his clients' interest, warrants a sanction far more severe than that imposable for mere passive neglect. I would suspend Borders from the practice of law for 30 days on each of the two counts—I and III—and would direct that the time run consecutively for the aggregate interval of 60 days.

---

5. See *infra* note 9.

6. See *infra* note 8.

7. *State ex rel. Oklahoma Bar Ass'n v. Braswell,* supra note 3 at 1232.

8. *Passive negligence* is found in *mere* nonfeasance or inaction when one's duty to act immediately is not yet clearly perceivable. See *Herman Christensen & Sons, Inc. v. Paris Plastering Co.,* 61 Cal.App.3d 237, 132 Cal.Rptr. 86, 94 [1976].

9. *Active negligence* is the negligent conduct of active operations and involves some positive act or some breach of duty to act which is the equivalent of a positive act. See *Sweeny v. Pease,* 294 N.W.2d 819, 823 [Iowa 1980].

10. Reckless indifference is gross negligence tantamount to intentional misconduct. See *Fox v. Oklahoma Memorial Hospital,* et al., Okl., 774 P.2d 459 [1989]; *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632, 651 [1983]; *Mitchell v. Ford Motor Credit Co.,* Okl., 688 P.2d 42, 45–46 [1984]; *Wootan v. Shaw,* 205 Okl. 283, 237 P.2d 442, 444 [1951].