**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John R. BLACKBURN, Respondent.**

**OBAD No. 1001.**

**SCBD No. 3732.**

Supreme Court of Oklahoma.

April 16, 1991.

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

John T. Elliott, Oklahoma City, for respondent.

KAUGER, Justice.

In this disciplinary proceeding, the complainant, Oklahoma Bar Association (Bar Association), alleges two counts of misconduct by the respondent, John R. Blackburn (Blackburn). The cause is presented to the Court with agreed stipulations of fact, conclusions of law, and an agreed recommendation for discipline. Blackburn admits to the neglect of a legal matter[1] and to a charge of conflict of interest in a divorce proceeding.[2] Because mitigating circumstances exist in the neglect matter, because this recommendation is consistent with discipline imposed in recent cases involving similar fact patterns, and because Blackburn's representation in the divorce action was limited to opposing a motion to dismiss and was not objected to by the client, we find upon independent review[3] that the respondent should be publicly censured and pay costs in the sum of $302.07.

### FACTS

Blackburn is a duly licensed attorney and a member of the Oklahoma Bar Association. In early 1988, the father of a convicted felon retained Blackburn to file an appeal on behalf of his son. Blackburn filed a petition in error and the original record,

---

1. Rule 1.3, Rules of Professional Conduct, 5 O.S.Supp.1988 Ch. 1, App. 3–A, provides:
   "A lawyer shall act with reasonable diligence and promptness in representing a client."
   Rule 1.16(a)(2), Rules of Professional Conduct, 5 O.S.Supp.1988 Ch. 1, App. 3–A, provides:
   "(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
   (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client ..."

2. Rule 1.9(a), Rules of Professional Conduct, 5 O.S.Supp.1988 Ch. 1, App. 3–A, provides:
   "A lawyer who has formerly represented a client in a matter shall not thereafter:

   (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation ..."

3. In a bar disciplinary proceeding, this Court as a licensing court exercises exclusive original jurisdiction. Therefore, while the trial panel's recommendations are afforded great weight, it is ultimately this Court's responsibility to make the final determination. Our review therefore is *de novo* in considering the record presented as well as the trial panel's disciplinary recommendation. *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Stubblefield*, 766 P.2d 979, 982 (Okla.1988).

but did not file a brief on behalf of his client. The Court of Criminal Appeals reviewed the record for errors not deemed waived by the failure to appeal and found no fundamental error. The conviction was affirmed. Blackburn did not inform his client that he was unable to prepare or file a brief and did not timely withdraw from the representation.

During the time period involved with the criminal conviction, Blackburn was experiencing severe alcohol and prescription drug problems. He entered a drug treatment program in October of 1989, and he has been drug-free since that time. Blackburn continues to attend regular support meetings to insure that his alcohol and drug problems remain controlled.

On June 11, 1989, Susan Bradshaw (Bradshaw/wife) contacted Blackburn by telephone and recruited him to handle her divorce. In this conversation, she revealed a number of factors about her finances, requests for alimony and child support, and custody considerations. On June 23, 1989, Blackburn wrote to Bradshaw stating that he had been contacted by her husband and was filing suit for divorce on the husband's behalf. Blackburn had evidently been a family friend of the husband for a number of years.

Blackburn filed a petition in the divorce action on June 20, 1989, and an amended petition on August 8. On August 28, 1989, Blackburn appeared to defend against the wife's motion to dismiss. At that time, the wife did not object to Blackburn's representation of her husband. The husband picked up his file, and Blackburn took no further action in the cause.

On December 14, 1990, the Bar Association filed a complaint alleging two counts of misconduct, and the respondent answered on December 26. A joint recommenda-

tion for proposed stipulations of fact, conclusions of law and a recommendation for discipline was presented to the trial panel on March 5, 1991. The Bar Association's unopposed application to assess costs was filed on March 15, 1991.

## IN THE PRESENCE OF MITIGATING CIRCUMSTANCES, NEGLECT OF A LEGAL MATTER, AND A CHARGE OF CONFLICT OF INTEREST WARRANT A PUBLIC CENSURE AND IMPOSITION OF COSTS.

Because of his substance-abuse problems, Blackburn neglected to file a brief on behalf of his client in the criminal appeal. In *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Borders*, 777 P.2d 929–930 (Okla.1989), we found that failure to communicate with a criminal defendant's mother and with the public defender's office, and failing to preserve property of a client and to act diligently to represent the client's interests, warranted public censure, *absent affirmative acts of harmful conduct.*[4] Blackburn's failure to act diligently on behalf of his client, like the attorney's neglect in *Borders*, warrants public censure.

Although Bradshaw's filing of the grievance against Blackburn is evidence of her displeasure in his representation of her husband in the divorce proceeding, she did not object to the representation when the motion to dismiss was filed. Blackburn did nothing further in the divorce proceeding. He was a long-time family friend of the husband, but he should have recognized the potential for a conflict-of-interest in his representation of the husband after having conversed with Bradshaw concerning the divorce proceeding—a lawyer can serve but one master.[5] Under these circumstances,

**4.** See also, *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Landman*, 784 P.2d 1064–65 (Okla. 1989) (Attorney's neglect of legal matters entrusted to her, as well as failure to return original documents to client upon request and failure to withdraw from case after being discharged by another client, warrants public censure.); *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Lobaugh*, 781 P.2d 806 (Okla.1988) (Neglect of legal matter warrants public censure.);

*State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Braswell*, 663 P.2d 1228, 1232–33 (Okla.1983) (Neglect of legal matter in absence of affirmative acts of misconduct warrants public censure rather than suspension.)

**5.** *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. McNaughton*, 719 P.2d 1279, 1282 (Okla.1986).

our jurisprudence supports the recommended discipline—public censure and imposition of costs.[6]

## CONCLUSION

Upon a *de novo* review[7] of all the pertinent facts and a consideration of this Court's jurisprudence in disciplinary proceedings involving similar transgressions,[8] we find that public reprimand constitutes a proper sanction for respondent's breach of discipline and hereby effect its imposition; the respondent shall bear all costs of this proceeding as a condition of his continued practice of law.

RESPONDENT PUBLICLY CENSURED; COSTS IMPOSED.

HODGES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE and ALMA WILSON, JJ., concur.

OPALA, C.J., with whom SIMMS, J., joins, dissenting.

I dissent from the lenient discipline imposed today for the serious infractions charged in the multi-count complaint.

---

6. *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. McNaughton,* id. (Simultaneous representation of adult defendant in prosecution for lewd molestation of minor and of the alleged underage victim of crime, her minor sister, and their adult mother in matters connected with the prosecution, warrants public reprimand.).

7. *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Stubblefield,* see note 3, supra; *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. McNaughton,* see note 5 supra.

8. Neglect of a legal matter: *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Landman,* see note 4, supra; *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Lobaugh,* see note 4, supra; *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Borders,* 777 P.2d 929–30 (Okla.1989); *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Braswell,* see note 4, supra.

Conflict-of-interest: *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. McNaughton,* see note 5, supra.