STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NEWARK



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NEWARK

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NEWARK
2021 OK 11
Case Number: SCBD-6939
Decided: 03/02/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 11, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ROBERT CLARENCE NEWARK, III, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Respondent, a lawyer licensed in Oklahoma, received a one-year probated suspension of his license to practice law in the State of Texas. Pursuant to Rule 7.7 of the Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S. 2011 (as amended June 18, 2018) ch. 1, app. 1-A, the Oklahoma Bar Association filed in this Court documentation demonstrating the suspension by the Texas State Bar. Upon order of this Court, Respondent was directed to show cause why a final order of professional discipline should not be imposed on him by this Court. Respondent requested this Court impose no further discipline and that there be no hearing. The Bar requested a hearing to determine the basis if any for mitigation of discipline. This Court ordered the Professional Responsibility Tribunal to conduct a hearing to make a recommendation on appropriate discipline and allow Respondent the opportunity to submit mitigation evidence. After the hearing, the trial panel and the Bar recommended that Respondent be issued a public censure as discipline. Respondent urged that a private censure was warranted. After de novo review, this Court finds that Respondent is guilty of misconduct and the appropriate discipline is public censure.

RESPONDENT IS ORDERED DISCIPLINED BY PUBLIC CENSURE
AND IS DIRECTED TO PAY COSTS OF THIS PROCEEDING,
WHICH SHALL BE DUE NOT LATER THAN NINETY DAYS
AFTER THIS OPINION BECOMES FINAL

Tracy Pierce Nester, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant,

Robert C. Newark, III, pro se, Edmond, Oklahoma, Respondent.

OPINION

EDMONDSON, J.

¶1 Respondent received a one year probated suspension from the State Bar of Texas and the Oklahoma Bar Association filed this reciprocal disciplinary proceeding with this Court. The Trial Panel and the Bar Association recommend a public censure. We agree and order a public censure and impose costs in the amount of nine hundred thirty-one dollars and ten cents ($931.10). This disciplinary matter arises out of an isolated instance of misconduct by Respondent who has had no prior disciplinary actions throughout his twelve years of licensure in Texas and Oklahoma. The basis of Respondent's misconduct was his failure to keep his client reasonably informed in a civil litigation matter in Texas resulting in a default judgment against his client.

PROCEDURAL HISTORY

¶2 On May 27, 2020 Respondent entered into an Agreed Judgment of Fully Probated Suspension in the Texas disciplinary case. This Texas disciplinary matter involves an isolated incident of misconduct associated with Respondent's legal services in a debt collection matter. Respondent admitted that he "neglected the legal matter entrusted to him by failing to adequately prepare for trial and by allowing a default judgment to be rendered against [his client]."[1] He failed to keep his client reasonably informed about the status of the legal matter and he engaged in dishonest conduct when "he made misrepresentations regarding the status of [his client's] legal matter."[2]

¶3 In Texas, Respondent agreed to "be suspended from the practice of law for a period of twelve (12) months, with the suspension being fully probated pursuant to the terms stated below."[3] The period of probated suspension began June 1, 2020 and is to end on May 31, 2021. Respondent is allowed to practice law during his suspension provided he complies with the terms of his Texas disciplinary order. Respondent was ordered to pay attorney fees and direct expenses in the amount of Six Hundred Seventy-Five and no/100 Dollars ($675.00). Respondent has paid these costs.

¶4 The basis for this disciplinary action is Respondent's previously adjudicated attorney misconduct by the State Bar of Texas, which subjects him to the reciprocal discipline in Oklahoma. This process was initiated when the Bar forwarded the Notice of Order of Discipline and provided the certified copy of the Texas discipline order and further stated that Respondent had provided timely notice of his Texas discipline order. Certified copies of documents reflecting the final adjudication in a disciplinary proceeding from another jurisdiction provide the basis for the Oklahoma disciplinary charge as well as prima facie evidence the lawyer committed the acts set forth therein. Rule 7.7, Rules Governing Disciplinary Proceedings, 5 O.S. 2011 ch. 1, app. 1-A. This Court ordered Respondent to show cause why a final order of discipline should not be imposed or to request a hearing. Respondent filed a response requesting there be no hearing and that this Court impose no further discipline. The Bar responded that there was insufficient information to make a recommendation as to whether discipline was warranted and therefore requested a hearing to obtain relevant information about the Texas grievance. This Court assigned this matter to the Professional Responsibility Tribunal for a hearing bearing on the appropriate discipline in Oklahoma and mitigation, and specifically ordered that the "range of permissible inquiry shall not extend beyond the issues allowed under Rule 7.7."

¶5 The trial panel adopted the Agreed Findings of Fact submitted by the OBA and Respondent wherein the parties agree that Respondent neglected the legal matter entrusted to him by failing to adequately prepare for trial and allowing a default judgment to issue against his client. Respondent also admitted that there was a failure of communication with his client, he failed to speak or meet with the client prior to trial, and that he failed to request a continuance or keep his client reasonably informed.

¶6 Respondent and the client who initiated this complaint testified before the Trial Panel. At the time the client retained Respondent to represent her in a debt collection matter, she believed this debt could be satisfied through a credit life insurance policy. Respondent filed an Answer on her behalf in this Texas court proceeding asserting various affirmative defenses. When the matter was set for trial, Respondent provided paperwork to the client which contained the trial date. In addition, prior to the trial date, he attempted to contact his client several times by telephone in order to prepare her for trial. Respondent was never able to reach his client prior to trial. On the trial date, Respondent arrived early at the courthouse and called out his client's name but received no response. Respondent waited until five minutes before the scheduled docket time, and when she was still not present, he reported to the Judge's staff that his client was not present. The opposing counsel would not agree to a continuance. After Respondent was advised that the judge would grant a default judgment, he left the courtroom prior to the docket call. The judge then entered a default judgment against Respondent's client. At some point after the entry of default, the client initiated a call to Respondent for the purpose of trial preparation. During this phone call, Respondent advised his client that she had missed the trial and a default judgment was entered. Initially the client did not believe that the trial date had passed and thought she had not been properly informed. But, when she reviewed her paperwork, she realized that she had been given the correct hearing date and that she missed the hearing. Respondent advised the client they would appeal the default judgment.

¶7 The trial panel concluded there was clear and convincing evidence that Respondent's actions demonstrated a failure to provide diligent representation, keeping the client reasonably informed and affected the administration of justice, violating Rules 1.3, 1.4, 8.4 (c) and 8.4 (d), Oklahoma rules of Professional Misconduct, 5 O.S. 2011 ch. 1, app. 3-A.

¶8 Next the trial panel considered relevant mitigating factors and concluded that Respondent's misconduct was an isolated incident without any intentional acts of harmful conduct. It was also noted that during Respondent's twelve years of licensure, there had been no prior complaints or discipline in either Texas or Oklahoma. The Agreed Findings of Fact submitted by the Bar Association and Respondent note that Respondent took responsibility for his actions, timely reported the Texas discipline to the Bar Association, and he fully cooperated with the investigation. Although Respondent submitted evidence of medical issues in mitigation, the trial panel did not consider this evidence as it could not be causally linked to his misconduct as required by State ex rel. Okla. Bar Ass'n v. Schraeder, 2002 OK 51, 51 P.3d 570.

¶9 In determining the appropriate discipline, the trial panel noted that the role of attorney discipline is to protect the public and not punishment. The trial panel recognized that Respondent made multiple mistakes and poor choices in his representation of this client, resulting in misconduct under the Oklahoma rules. It was also noted that Respondent took responsibility for his actions, and this was an isolated incident. In light of this evidence, the trial panel recommended that a public censure be issued to Respondent for his misconduct and that the costs of the Oklahoma proceeding be assessed against him.

STANDARD OF REVIEW

¶10 This Court has original and exclusive jurisdiction over all matters relating to the discipline of persons admitted to practice law in Oklahoma. State ex rel. Okla. Bar Ass'n v. Leonard, 2016 OK 11, ¶ 5, 367 P.3d 498, 500. It is this Court's nondelegable responsibility to determine whether misconduct has been committed by a lawyer and if so, the appropriate discipline. State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50, ¶ 3, 142 P.3d 420, 422. In discharging this responsibility, we conduct a de novo review of the record with a non-deferential examination of all relevant facts. Leonard, 2016 OK 11, ¶ 5, 367 P.3d at 500. Where there is clear and convincing evidence of a lawyer's misconduct, this Court imposes the appropriate discipline. State ex rel. Okla. Bar Ass'n v. Hyde, 2017 OK 59, ¶ 15, 397 P.3d 1286, 1290.

ANALYSIS

¶11 Next, this Court must determine the following two issues in this reciprocal disciplinary proceeding: 1) whether the submitted record provides sufficient evidence for our de novo review of the charge against Respondent; and 2) whether public censure is the appropriate discipline for Respondent's breach of professional ethics? We respond affirmatively to both questions.

¶12 With regard to the issue relating to sufficiency of evidence, this Court finds that the documents received from the State of Texas and filed in this proceeding constitute the charge against Respondent and are prima facie evidence that Respondent committed the acts described in the Texas agreed judgment. Rule 7.7 (c), Rules Governing Disciplinary Proceedings, 5 O.S. 2011 ch. 1, app. 1-A. We also find that the evidence presented at the hearing together with Respondent's admissions in both the Texas and Oklahoma proceedings constituted clear and convincing evidence Respondent violated Rules 1.3, 1.4, 8.4 (c) and 8.4 (d), Oklahoma Rules of Professional Conduct, 5 O.S. 2011 ch. 2011 ch. 1, app. 3-A.

¶13 With respect to the appropriate discipline for Respondent, it is clear that he may be subject to discipline in both Texas and Oklahoma for the same conduct. State ex rel. Okla. Bar Ass'n v. Auer, 2016 OK 75 ¶ 16, 376 P.3d 243, 248. This Court has noted that a license to practice law is conferred for the benefit of the public and the disciplinary process and associated sanction is not for the purpose of punishment, but rather to safeguard the interest of the public, the judiciary and the legal profession. State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 51, ¶ 29, 28 P.3d 551, 560. The disciplinary sanction operates to notify others that departures from ethical norms will not be tolerated and also to deter other lawyers from committing similar acts. Id. The chosen disciplinary measure imposed on the lawyer should be consistent with the discipline imposed upon other lawyers for similar acts of professional misconduct. Id.

¶14 The trial panel recommended that Respondent should receive a public censure. We agree. Respondent's failures surrounding his representation of this client in this debt collection matter constitute an isolated incident of misconduct. There is a lack of any intentional or willful conduct. Respondent timely reported the final adjudication in the Texas disciplinary proceeding. His cooperation in the disciplinary process is likewise reflected in both the Texas and Oklahoma proceedings wherein he entered into agreed findings of fact in both jurisdictions. The Oklahoma Bar investigator also confirmed that Respondent was cooperative in the disciplinary investigation. We have held in similar cases that public censure is the appropriate discipline. State ex rel. Okla. Bar Ass'n v. Kleinsmith, 2013 OK 16, 297 P.3d 1248 (public censure warranted in reciprocal discipline matter, for attorney's negligent filing of nine improper arbitration certificates and failure to appear at two hearings), State ex rel. Okla. Bar Ass'n v. Patterson, supra., State ex rel. Okla. Bar Ass'n v. Borders, 1989 OK 101, 777 P.2d 929 (public censure was appropriate discipline for attorney who failed to communicate with criminal defendant's mother and with public defender's office and failed to act diligently to represent client's interests).

¶15 After conducting our de novo review of the record, we hold that the appropriate discipline to be assessed against Respondent is a public censure. The Bar Association's Application to Assess Costs is granted in the amount of Nine Hundred Thirty-One dollars and Ten cents ($931.10). We order and direct Respondent to pay the costs of this proceeding within ninety (90) days after this opinion becomes final.

RESPONDENT IS ORDERED DISCIPLINED BY PUBLIC CENSURE
AND IS DIRECTED TO PAY COSTS OF THIS PROCEEDING,
WHICH SHALL BE DUE NOT LATER THAN NINETY DAYS
AFTER THIS OPINION BECOMES FINAL

Darby, C.J., Kane, V.C.J., Winchester, Edmondson, and Combs, JJ.; Reif, S.J. and Barnes, S. J., concur;

Kauger, J., concurs in part and dissents in part;

Rowe, J., dissents (by separate writing);

Gurich, J. not participating.

FOOTNOTES

[1] See, Notice of Order of Discipline, State of Oklahoma ex rel. Oklahoma Bar Association v. Robert Clarence Newark, III SCBD # 6939, Exhibit A, Agreed Judgment of Fully Probated Suspension, In the Matter of Robert Clarence Newark, III, Bar No. 24040097, File No. 201907390, State Bar of Texas.

[2] Id.

[3] Id.

 

ROWE, J. dissenting:

¶1 Under the facts presented, Respondent's purported misconduct does not warrant the imposition of discipline. Accordingly, I respectfully dissent.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 101, 777 P.2d 929, State ex rel. Oklahoma Bar Ass'n v. Borders
Discussed
 2001 OK 51, 28 P.3d 551, 72 OBJ 1921, STATE ex. rel. OKLAHOMA BAR ASSN. v. PATTERSON
Discussed
 2002 OK 51, 51 P.3d 570, STATE EX. REL. OKLAHOMA BAR ASSOCIATION v. SCHRAEDER
Discussed
 2006 OK 50, 142 P.3d 420, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILBURN
Discussed
 2013 OK 16, 297 P.3d 1248, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KLEINSMITH
Discussed
 2016 OK 11, 367 P.3d 498, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LEONARD
Discussed at Length
 2016 OK 75, 376 P.3d 243, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. AUER
Discussed
 2017 OK 59, 397 P.3d 1286, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HYDE
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA