STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Gerald E. KAMINS, Respondent.

SCBD No. 2550.

Supreme Court of Oklahoma.

May 24, 1977.

As Amended June 13, 1977.

Rehearing Denied Aug. 30, 1977.

---

John M. Amick, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Walker, Jackman & Livingston by Floyd L. Walker, Tulsa, for respondent.

BERRY, Justice:

Gerald E. Kamins [respondent] has practiced law in Tulsa, Oklahoma, since 1964 and had gained the professional respect of members of Tulsa County Bar Association. Moreover, he has enjoyed a reputation in his community as a man of honesty and integrity. However, during July 1975 respondent settled a personal injury action for Mr. and Mrs. R. L. Peaster; included in the settlement was an amount of $7,500 for the Peaster's minor son. A check for this amount, drawn on respondent's "Special Account," was provided to the Peasters, but when deposited in September 1975 it was returned for "insufficient funds." Other checks drawn on the account show respondent used the account as his personal account.

Mr. Peaster attempted to contact respondent several times thereafter, but respondent failed to return telephone calls and even refused delivery of a registered letter postmarked October 23, 1975. Frustrated in his attempts to contact respondent, Mr. Peaster retained counsel to recover the funds.

Counsel negotiated with respondent from November 1975 to June 1976. During November, respondent promised to pay the amount when he sold some land. In December he offered to secure a Certificate of Deposit for $8,000 payable to the Peasters, but this arrangement was rejected by the Peasters. Other attempts to reach a satisfactory arrangement were to no avail, resulting in the Amended Complaint in the present proceeding being filed by the Oklahoma Bar Association in May 1976 and in Peaster's counsel filing a lawsuit for recovery, seeking actual and punitive damages, in June 1976.

On July 1, 1976, respondent delivered a Cashier's Check for $7,500 to counsel and subsequently tendered additional amounts to cover interest on the amount from July 1, 1975, to July 1, 1976, inter alia, for a total of $8,049.11. Respondent further agreed to pay counsel's fee and expenses.

At pre-trial conference and opening statement respondent admitted commingling personal funds with those of the Peasters in violation of Disciplinary Rule 9–102(A)(1) and (B)(4). Disciplinary Rule 9–102(A)(1) provides:

"All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"Funds reasonably sufficient to pay bank charges may be deposited therein . . . ."

and Disciplinary Rule 9–102(B)(4) provides:

"Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

The trial authority found "that because of the comingling of funds, respondent's initial check to the Peasters was dishonored when it was presented for payment on or about September 8, 1975, and that there was a delay of nearly one year in the payment of the proceeds of the original settlement to the Peasters and payment was not made until after the civil action was filed against

Respondent . . . and after the Complaint was filed in this proceeding."

Considering mitigating circumstances, including fact respondent was undergoing marital difficulties during relevant period, trial authority recommended "the Respondent not be disbarred but that his license to practice law as a member of the Oklahoma Bar Association be suspended for a period of four months and continue thereafter until he is reinstated." In view of the record, we approve trial authority's findings of fact and conclusion of law.

In determining requisite discipline, we note respondent has made the Peasters whole, including payment of withheld funds an interest thereon and counsel's fees. The Oklahoma Bar Association admits respondent did not intend "to deprive the clients of the use of their money for a year, or that he intended to convert the same to his own use."

We conclude that respondent be suspended from practice of law for four months from July 1, 1977.

WILLIAMS, IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.