STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Philip W. DURRILL, Respondent.

No. OBAD 839.
SCBD 3485.

Supreme Court of Oklahoma.

June 27, 1989.

---

## OPINION APPROVING DISCIPLINE RETROACTIVELY

SIMMS, Justice:

Respondent attorney, Philip W. Durrill, was the subject of a formal disciplinary complaint filed by the Professional Responsibility Commission of the Oklahoma Bar Association.

Complainant and respondent filed a written stipulation of facts and conclusions of law with the tripartite panel of the Professional Responsibility Tribunal. These stipulations and findings were accepted, approved by the Tribunal, and forwarded to this Court.

In pertinent part, the stipulation reads:

### SPECIFIC ACTS OF MISCONDUCT

#### COUNT I

6. Respondent was retained by Arlan Tennyson to collect back rent and evict tenants from two (2) separate residences in Cleveland County.

7. Subsequently, Respondent filed separate cases in small claims court against said tenants resulting in money judgments and possession of the premises in each case.

8. In one such case, Respondent filed against and obtained a judgment from "Pauline Davis, also known as Nina Davis." In fact, Pauline Davis was a separate and distant person from the actual tenant in possession, one Nina Davis. When Respondent was made aware of this discrepancy by his client, he represented to the client that there was a question of whether his client had a valid judgment, and that he would "take care of it." Respondent arranged two (2) different appointments with his client's bookkeeper in order to confirm by documentation the actual tenant in possession, but the bookkeeper failed or neglected to keep the appointments.

9. Thereafter, Respondent did nothing and communicated no further with his client.

10. Respondent received a letter from his client notifying Respondent of the client's displeasure at Respondent's neglect, and Respondent, considering the letter to be a letter of dismissal by the client, took no further action.

11. Shortly after receiving the letter from his client, Respondent was contacted by counsel who purported to represent Pauline Davis. Said counsel subsequently contacted Respondent's client. Thereafter, Respondent received a letter

from counsel for Pauline Davis requesting that a nunc pro tunc order releasing Pauline Davis from judgment be prepared and filed by Respondent. Respondent did nothing thereafter.

12. The Respondent thereafter took no action to inform the small claims court that he obtained a default judgment against Pauline Davis who is in fact not a party to the litigation.

13. Office of the General Counsel received a grievance against Respondent by Shirley Tennyson. The Office of the General Counsel mailed Respondent a copy of the grievance, along with a letter informing Respondent of his obligation under the disciplinary rules to respond to the grievance within twenty (20) days.

14. Respondent did not respond to the grievance or the letter from the General Counsel, and thereafter, Respondent was sent a letter informing him of the necessity to respond to the grievance, and that upon his failure to do so within five (5) days, a subpoena would be issued requiring his sworn testimony.

15. Respondent wholly failed to respond, and had to be subpoenaed to appear to give his deposition concerning the initial grievance.

### COUNT II

16. Office of the General Counsel received a grievance against Respondent from Gary D. Hoaks. Office of the General Counsel mailed Respondent a copy of the grievance, along with a letter informing Respondent of his obligation under the disciplinary rules to respond to the grievance within twenty (20) days.

17. The Respondent did not respond to the grievance or the letter from the General Counsel, and thereafter, Respondent was sent a letter informing him of the necessity to respond to the grievance and that upon his failure to do so within five (5) days, a subpoena would be issued requiring his sworn testimony.

18. Respondent wholly failed to respond, and had to be subpoenaed to appear to give his deposition concerning the initial grievance.

### COUNT III

19. Respondent was retained by Janet Rucks to probate the estate of Ms. Rucks' deceased father. Thereafter, on the same date, Respondent caused to be filed a Petition for Letters of Administration and Determination of Heirship in the District Court of Cleveland County, State of Oklahoma, number P–85–38.

20. Thereafter, Respondent appeared on behalf of Ms. Rucks, and the matter of contesting the appointment of administratrix was set by the District Court.

21. The District Court appointed Janet Rucks and Belle Conway as co-administrators of the estate, and determined Belle Conway to be the surviving spouse of the decedent by virtue of a common law marriage.

22. Nothing further was done by Respondent until he filed with the District Court an Application for Removal of Administratrix requesing on behalf of Ms. Rucks that Belle Conway be removed as co-administratrix for her failure, inter alia, to account for estate property. The District Court, by its order, removed Belle Conway as co-administratrix. Thereafter, Respondent took no action at all.

23. Office of the General Counsel received a grievance against Respondent by Janet Rucks, and mailed Respondent a copy of the grievance, along with a letter informing Respondent of his obligation under the disciplinary rules to respond to the grievance within twenty (20) days.

24. Respondent did not respond to the grievance or the letter from the General Counsel, and thereafter, Respondent was sent a letter informing him of the necessity to respond to the grievance, and that upon his failure to do so within (5) days, a subpoena would be issued requiring his sworn testimony.

25. Respondent wholly failed to respond, and had to be subpoenaed to appear to give his deposition concerning the initial grievance.

## ALLEGATIONS TO ENHANCE DISCIPLINE

1. On February 26, 1982, Respondent received a Private Reprimand in Case Number OBAD 608 (Previously DC81–96) for neglect of a divorce case, refusing to withdraw or return files to the client and her attorney for thirteen (13) months, and failing to respond to the Oklahoma Bar Association.

## III

## CONCLUSIONS OF LAW

1. All of said conduct on part of Respondent constitutes a violation of DR 1–102(A)(5), DR 6–101(A)(3), DR 7–101(A)(2) and DR 7–102(A)(3), Code of Professional Responsibility, and in further violation of Rule 5.2, Rules Governing Disciplinary Proceedings, and constitutes grounds for professional discipline.

## IV

## MITIGATION

1. During the time period in which Respondent's acts of misconduct occurred, Respondent was suffering severe stress due to financial hardship and marital problems.

2. Respondent's client, Janet Rucks, had agreed to pay Respondent a retainer of $600.00. One half of the retainer was to be paid immediately, and the remaining $300.00 was to be paid shortly thereafter. Respondent in fact received no compensation for his services prior to his discharge.

## V

## RECOMMENDATION FOR DISCIPLINE

1. The Respondent should be suspended from the practice of law for a period of nine (9) months from and after March 25, 1988.

2. The Respondent shall voluntarily suspend himself from the practice of law as of March 25, 1988.

3. The Respondent should be assessed costs of all proceedings in this matter, and such costs should be repaid as a condition precedent to Respondent's application for readmission to the practice of law.

All parties waived the filing of briefs in this Court. We have examined the record and pleadings filed herein. The recommendation of the trial panel that Respondent be suspended from the practice of law for a period of nine (9) months for the disciplinary infractions mentioned in the stipulation is adopted and approved.

However, the records of this Court show that on July 12, 1988, Respondent was suspended from membership in the Oklahoma Bar Association and from the practice of law for both non-payment of dues and non-compliance with the Rules of the Supreme Court for Mandatory Continuing Legal Education. Respondent has not sought reinstatement.

Therefore, we approve the agreement for Respondent's suspension from the practice of law for a period of nine (9) months from March 25, 1988, for the stipulated disciplinary infractions, and for the assessment of costs of the disciplinary proceeding in the sum of $983.09. Respondent remains suspended for non-payment of dues and for non-compliance with the Rules Governing Mandatory Continuing Legal Education.

Respondent may seek reinstatement only upon (1) Expiration of the nine (9) months suspension and payment of costs connected with the disciplinary proceeding; (2) Compliance with Rule 6(d) of the Rules for Continuing Legal Education, 5 O.S.Supp. 1988, Ch. 1, Appx. 1–B; and (3) Compliance with Section 4 or Section 5 of Art. 8, whichever may be applicable, Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S.Supp.1988, Ch. 1, Appx. 1.

RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.