STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Keith WHITELEY, Respondent.

SCBD No. 3648.

Supreme Court of Oklahoma.

May 8, 1990.

## ORDER IMPOSING DISCIPLINE

This matter is before us for imposition of final discipline. Proposed Stipulations of Fact and Conclusions of Law with Agreed Recommendation for Discipline have been entered into by complainant and respondent. The stipulations and recommendation have been accepted and approved by the Trial Panel of the Professional Responsibility Tribunal (PRT), with one modification as will be detailed below. The parties have filed a joint waiver of briefs and have requested this Court to follow the recommendation of the PRT.

By virtue of a complaint respondent was charged with four (4) counts of misconduct warranting professional discipline. In the stipulations agreed to by the parties the allegations of counts I and II were dismissed. The substance of the remaining two (2) counts is set forth below.

## COUNT III

1. In September 1988 D.G. retained respondent to assist her in recovering child support payments which were mistakenly sent to her parents. D.G. paid respondent $1,000.00 for this representation.

2. During the course of representation, D.G. attempted to contact respondent on numerous occasions by telephone to discuss the status of the case. Respondent did not return her calls often enough to keep her informed as to the status of the case.

3. When repeated attempts to communicate with respondent failed, D.G. contacted the District Attorney in Coconino County, Arizona, on February 5, 1989, in an attempt to resolve the child support problems. Her ex-husband made his child support payments to Coconino County which then supervised the disbursement of these funds. After contacting the District Attorney's office and discussing her problem with staff of that office, her support payment problems were resolved in approximately one-half hour.

4. After D.G. resolved the child support problems, she contacted respondent and requested a refund and itemized statement for her account. Respondent refused to provide a satisfactory itemized statement and refused to refund any of the $1,000.00.

5. Respondent failed to recover any child support payments or assist D.G. in recovering these funds.

6. The parties stipulated the above conduct violated Oklahoma Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3-A, Rules 1.1 (failure to provide competent representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to keep a client reasonably informed about the status of a matter and to promptly

comply with reasonable requests for information) and 1.5 (reasonableness of the fee).

## COUNT IV

1. Respondent was sued by Harborcliff Condominiums on April 29, 1988, in Wagoner County District Court, Case No. SC–88–145, for failure to pay required association dues.

2. By agreement with counsel for plaintiff a default judgment was entered against him on May 12, 1988. Pursuant to the agreement respondent was to make payments to satisfy the judgment.

3. Subsequently respondent experienced financial difficulties and was unable to make the payments and satisfy the judgment.

4. A hearing on assets was scheduled before a Wagoner County Associate District Judge on November 10, 1988. Because respondent failed to appear at the hearing on assets and failed to comply with the payment agreement the judge issued a warrant for his arrest.

5. On May 8, 1989, respondent appeared before the judge on an unrelated matter. When questioned about the status of the warrant respondent stated he had not received formal notice that a warrant had been issued for his arrest.

6. The judge then requested a sheriff's deputy to place respondent in custody at which time respondent produced a petition for writ of habeas corpus and demanded an immediate hearing before the judge.

7. The demand was made in a combative and disruptive manner.

8. The parties stipulated the above conduct violated the 1988 Rules of Professional Conduct, Rules 3.5(d) (engaging in conduct intended to disrupt a tribunal) and 8.4(a) (violating or attempting to violate the Rules, knowingly assisting or inducing another to do so, or do so through the acts of another).

In addition to the above stipulations the parties submitted stipulations as to agreed mitigation and an agreed recommendation for discipline. The stipulation as to mitigation is as follows:

## AGREED MITIGATION

1. Respondent has not previously been disciplined by this Court.

The stipulation as to recommended discipline is as follows:

## AGREED RECOMMENDATION FOR DISCIPLINE

1. That respondent receive a public censure from this Court and thereafter be on probation for one (1) year.

2. That respondent's probation be subject to the following conditions:

a. Respondent shall abide by the Rules of Professional Conduct;

b. Respondent shall cooperate with the Office of General Counsel in any investigation of allegations of unprofessional conduct which have or may come to the General Counsel's attention. Either respondent's admission or the Trial Panel's findings of unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation;

c. Respondent shall certify quarterly during the probation to the Office of General Counsel that there are no files he is neglecting to handle with reasonable promptness. With respect to any files which might be regarded as being unreasonably delayed respondent shall identify such files and explain the delays in his quarterly report.

d. Respondent shall be supervised by a member of the Lawyers Helping Lawyers Committee during his probation. Respondent's supervisor shall be required to immediately report any violations of the probation conditions to the General Counsel.

e. Respondent shall pay restitution to D.G. in the amount of $1,000.00.

3. If during the probationary period the General Counsel concludes respondent has not complied with the conditions the General Counsel may file an application to revoke probation with the original Trial Panel and notice of this filing shall be given to respondent. A hearing shall be scheduled

with the Trial Panel and a determination made as to whether respondent violated the conditions of probation. If the Panel determines there was no violation, then the probation shall continue. If it finds a violation did occur, a recommendation shall be made to this Court for proper disciplinary action.

4. Probation shall be terminated at the end of the year if respondent complies with all the conditions.

5. Respondent shall be liable for the costs of the disciplinary proceedings and payment of the costs shall be a condition of probation.

The PRT accepted and approved the proposed stipulations, with one modification. The PRT recommended in addition to the above that respondent pay interest on the $1,000.00 at 12.35% per annum from the date D.G. paid the retainer.

Our review of the matter indicates respondent voluntarily of his own free will and knowingly agreed to the proposed stipulations and there is a factual basis therefore. We further find respondent guilty of professional misconduct as set forth in the proposed stipulations. Our remaining task is to determine the appropriate discipline for the misconduct.

After reviewing the record we accept only partially the recommendation of the PRT. Under the circumstances of this case, in light of the conduct involved and the mitigation, we find the appropriate discipline to be public censure. From our review of the record we do not believe any purpose would be served by placing respondent on any type of probation for a one year period under the conditions outlined above, although we do note respondent agreed to work with a member of the Lawyers Helping Lawyers Committee. Respondent, however, shall be required to make restitution to D.G. in the amount of $1,000.00 with interest at the rate of 12.35% per annum from September 1, 1988. We have utilized the September 1 date because the record does not definitively disclose when the $1,000.00 was paid; it recites merely sometime in September 1988. Respondent shall be required to pay the $1,000.00 with interest within six (6) months from the date of this Order. Respondent will also be required to pay the costs of this matter within thirty (30) days from this date.

IT IS THEREFORE ORDERED:

That the Proposed Stipulations of Fact and Conclusions of Law With Agreed Recommendation, be hereby approved as modified. Respondent, Keith Whiteley, upon the publication of this Order Imposing Discipline in the official reporter shall stand publicly censured.

Respondent is Ordered to pay to D.G. within six (6) months from this date the sum of $1,000.00 with interest at the rate of 12.35% per annum, said interest to commence from the date of September 1, 1988.

Respondent shall pay the costs of this disciplinary proceeding in the amount of $868.80 within thirty (30) days from this date.

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in part; dissents in part.