STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Walter G. STEPHENSON, Jr., Respondent.

OBAD No. 974.
SCBD No. 3671.

Supreme Court of Oklahoma.

Oct. 2, 1990.

---

**2.** The terms of 5 O.S.1981, Ch. 1, App. 3, DR 1–102(A)(1), provide:

"(A) A lawyer shall not:
(1) Violate a Disciplinary Rule."

Dan Murdock, Gen. Counsel, and Thomas C. Riesen, Asst. Gen. Counsel, Oklahoma Bar Assoc., Oklahoma City, for complainant.

Earl Remmel, Oklahoma City, for respondent.

HODGES, Justice.

Respondent lawyer was accused by Complainant of professional misconduct sufficient to warrant disciplinary proceedings. Proposed Stipulations of Fact and Conclusions of Law with Agreed Recommendation for Discipline have been entered into by Complainant and Respondent. The stipulations and recommendation have been accepted and approved by the Trial Panel of the Professional Responsibility Tribunal (PRT). The parties have filed a joint waiver of briefs.

The Respondent was charged with two counts of misconduct. In the stipulations agreed to by the parties, the allegations of count II were dismissed. The stipulated findings of fact are as follows:

## COUNT I

1. Ray Sledge retained Respondent in June, 1986, to collect the remaining balance due on a $2,150.00 debt. Respondent was also to collect interest on this debt. As his fee for collection, Respondent was to retain 40 percent of the monies he recovered.

2. Respondent arranged for the debtor to make payments to Respondent. Respondent would then deposit these payments into his trust account, retain his fee and disburse the remaining balance to Ray Sledge.

3. From July 1, 1986, to October 7, 1987, the debtor paid Respondent a total of $900.00. The debtor paid Respondent seven $100.00 payments and one $200.00 payment. Respondent received these $100.00 payments from the debtor on July 1, 1986; August 17, 1986; September 25, 1986; December 1, 1986; January 12, 1987; February 13, 1987; and April 29, 1987. Respondent received the $200.00 payment on October

ber 7, 1987. Respondent deposited all of these funds into his trust account.

4. Respondent's trust account records indicate that Respondent's trust account balance on April 2, 1987, was $27.42. These records further indicate that on May 6, 1987, Respondent's trust account balance was $377.42. These records further indicate that on June 5, 1987, Respondent's trust account balance was $321.68. These records further indicate that on September 11, 1987, Respondent's trust account balance was $77.58.

5. On October 19, 1987, Respondent issued a check payable to Ray Sledge written on his trust account in the amount of $500.00. Respondent made no other payments to Ray Sledge for monies he received on Ray Sledge's behalf.

6. While representing Ray Sledge in this collection, Respondent failed to maintain Ray Sledge's funds in his trust account.

7. Said conduct violates Rule 1.4(b), Rules Governing Disciplinary Proceedings, and DR 9–102(B), Code of Professional Responsibility, and constitutes grounds for professional discipline.

## AGREED MITIGATION

1. Respondent has not been previously disciplined by the Supreme Court of the State of Oklahoma.

2. Respondent's misconduct resulted from inattention, negligence, and alcohol abuse.

## AGREED RECOMMENDATION FOR DISCIPLINE

1. Respondent be suspended from the practice of law by this Court for a six-month period and thereafter be on probation for a one-year period.

2. Respondent's probation is subject to the following conditions:

a. Respondent shall abide by the Rules of Professional Conduct;

b. Respondent shall cooperate with the Office of the General Counsel in any inves-

tigation of allegations of unprofessional conduct which have or may come to the General Counsel's attention. Either Respondent's admission or the Trial Panel's findings of unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation.

c. Respondent shall be supervised by a member of the Lawyers Helping Lawyer's Committee throughout the term of his probation. Respondent's supervisor shall be required to immediately report to the Office of the General Counsel any violations of the probation conditions by Respondent.

d. Respondent shall pay restitution to Ray Sledge in the amount of $40.00.

3. If at any time during the probation the General Counsel concludes that Respondent has not complied with the terms and conditions of his probation, then the Office of the General Counsel may file an application to revoke probation with the original trial panel and that notice of the filing of said application shall be given to Respondent. The hearing shall then be scheduled with the trial panel and a determination shall be made as to whether Respondent has violated the terms and conditions of the probation. If the trial panel determines there is no violation, then the probation shall continue. If the trial panel finds a violation did occur, then a recommendation shall be made to the Supreme Court for proper discipline.

4. If Respondent complies with the conditions of the probation, it will terminate at the end of one year.

5. Respondent shall be liable for the costs of the disciplinary proceeding and payment of the costs shall be a condition of probation.

A review of the record shows that Respondent voluntarily of his own free will and knowingly agreed to the proposed stipulations and there is a factual basis therefor. We further find Respondent guilty of professional misconduct as set forth in the stipulations. However, we find under the facts of this case the six-month suspension is unduly harsh and herewith publicly censure the Respondent.

Having examined the pleadings and the stipulations, the COURT FINDS:

(1) On de novo review of the record before the Court, public censure is the appropriate sanction to be imposed for the Respondent's misconduct;

(2) The Respondent shall make restitution to Ray Sledge in the amount of $40.00 within thirty (30) days;

(3) The Respondent shall pay costs of the proceeding within thirty (30) days; and

(4) The Respondent shall be on probation for one year and must comply with the terms of the Proposed Stipulations of Fact and Conclusions of Law with Agreed Recommendation for Discipline except as herein provided.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THIS COURT that the Respondent herein is publicly censured and that the Respondent comply with the conditions set out above.

DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER and SIMMS, JJ., concur in part, dissent in part.