## STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

## Larry R. McMANUS, Respondent.

### OBAD No. 1084.
### SCBD No. 3867.

Supreme Court of Oklahoma.

May 11, 1993.

John E. Douglas, Oklahoma City, for complainant.

Danny K. Shadid, Oklahoma City, for respondent.

SUMMERS, Justice:

The Bar Association filed a five-count complaint against Respondent/Attorney, alleging professional misconduct. Respondent and the Bar then appeared before a trial panel of the Professional Responsibility Commission and agreed as to findings of fact, conclusions of law and the recommendation for discipline. The parties waived briefs, and the matter is before us for a *de novo* review of the disciplinary proceedings.

The agreed findings of fact reflect that Count I was dismissed because the Bar concluded it could not prove the allegation by clear and convincing evidence. As to Count II, a client named Lonnie Brown filed a grievance against Respondent. The General Counsel of the Bar sent a letter to Respondent, asking him to communicate with Brown. The Bar then received another letter from Brown stating that he had not heard from Respondent. Respondent was sent another letter, telling him to respond to Brown or to contact Brown's new lawyer. Brown sent another letter saying that he had not heard from Respondent. Brown's new lawyer, Vorwald, sent a letter to the Bar asking for assistance in getting the case file from Respondent. The Bar then began a formal investigation and sent a letter to Respondent, asking him to respond to the grievance in twenty days. Respondent failed to respond. The Bar sent another letter telling him to respond within five days, and again Respondent failed to respond. The Bar then caused a subpoena to issue and to be served on Respondent. Respondent hired an attorney

who filed a written response to the grievance on February 28, 1992.

Respondent and the Bar agree that this conduct violates the mandatory provisions of Rule 8.1, Rules of Professional Conduct, which states that a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." They also agree that the conduct also violates Rule 5.2, Rules Governing Disciplinary Proceedings, which states that the "failure of a lawyer to answer within twenty (20) days after service of the grievance ... shall be grounds for discipline."

The agreed findings of fact as to Count III show that Respondent commingled his personal funds in the trust account for client's funds. His trust account was garnished by one of his creditors for a personal debt and his personal funds were taken, but no client funds were taken in the garnishment. Respondent did not convert or misuse the client's funds.

The agreed conclusions state that Respondent's conduct of commingling client funds with personal funds violated Rule 1.15(a), Rules of Professional Conduct. This rule requires a lawyer to hold the "property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." *See, e.g., Oklahoma Bar Ass'n v. Kessler*, 818 P.2d 463, 467 (Okla.1991). The discipline for such violation has varied from public censure to disbarment, depending generally on the degree of harm caused the client. *See Oklahoma Bar Ass'n v. Stephenson*, 798 P.2d 1078, 1080 (Okla.1990) (received public censure for commingling of funds); *Oklahoma Bar Ass'n v. Gasaway*, 810 P.2d 826 (Okla.1991) (received suspension for commingling of funds and misuse of funds); *Oklahoma Bar Ass'n v. Schlegel*, 808 P.2d 670 (Okla.1991) (disbarred for conversion of funds, failure to pay co-counsel fees and inflated fees).

As for Count IV, Respondent and the Bar stipulated that Lois Larson was referred to Respondent for a slip and fall case. The referral was made by John Rap-

pillo, a California attorney. Although pretrial conference was held in 1988, Respondent and Larson agreed not to push for a trial date since it was likely that Larson would have further medical bills. In 1991 Larson attempted to communicate with Respondent on several occasions, but found that he had moved without informing her of his new address or telephone number. She made several telephone calls to Respondent which were not returned. Her case was dismissed for lack of prosecution.

Respondent refiled the case in 1992 and obtained service on the defendant. An answer was filed by the defendant. It is stipulated that the dismissal did not prejudice the merits of Larson's case and that she was not financially harmed.

The Bar and Respondent agree that this conduct violated both Rules 1.3 and 1.4. Rule 1.3 requires that a lawyer act "with reasonable diligence and promptness in representing a client." Rule 1.4 requires a lawyer to inform the client about the state of the case and promptly respond to requests for information.

Count V also arises out of Respondent's conduct in the Larson case. The referring attorney, Rapillo, filed a grievance against Respondent. The Bar sent a copy of the grievance along with a letter asking Respondent to respond within two weeks to Rapillo. Rapillo wrote to the Bar again, stating that he had received no response. The Bar contacted Respondent by letter, informing him that a formal investigation was being initiated. He was also informed of his duty to respond within twenty days. Respondent did not respond. The Bar wrote another letter, stating that if no response was made a subpoena would be issued in five days. Respondent left a message with the Bar that he had inadvertently failed to respond. Respondent told the investigator assigned to the case that he would deliver by hand a response. No response was delivered.

The Professional Responsibility Tribunal caused a subpoena to be issued to take Respondent's deposition on February 3, 1992. On January 31, 1992, Respondent's attorney contacted the Bar and stated that

a written response would be filed by February 5, 1992. A response was filed on that day.

Respondent and the Bar agreed that this conduct violated Rules 8.1, Rules of Professional Conduct, and 5.2, Rules Governing Disciplinary Proceedings. Both of these rules state that a lawyer shall not knowingly fail to respond to a demand for information by a disciplinary authority.

The neglect of client matters can be the cause of discipline. In *Oklahoma Bar Ass'n v. Whiteley*, 792 P.2d 1174 (Okla.1990), we imposed a public censure on the attorney for failure to communicate with his client after repeated attempts by the client to contact him, for failure to comply with reasonable requests for information, and for failure to attend a hearing. *See also Oklahoma Bar Ass'n v. Borders*, 777 P.2d 929, 930 (Okla.1989) (public reprimand), and *Oklahoma Bar Ass'n v. Durrill*, 776 P.2d 560 (Okla.1989) (nine month suspension).

The discipline recommended by the Oklahoma Bar Association and agreed to by Respondent is public censure from this Court. The Professional Responsibility Tribunal unanimously approved the recommendation. Respondent also agrees to pay costs for the disciplinary proceeding on a date certain. The costs submitted by the Bar total $1214.60. Having made a de novo review, as is required of this Court, we agree that public censure is appropriate. *See Kessler*, 818 P.2d at 466. We have previously held that where, "as here, an attorney is guilty of neglect of a legal matter without affirmative acts of harmful conduct, the appropriate discipline is public censure." *Borders*, 777 P.2d at 930.

IT IS THEREFORE ORDERED THAT respondent Larry McManus be, and is hereby, publicly censured and reprimanded for the reasons set out in this opinion.

IT IS ALSO ORDERED THAT respondent Larry McManus pay costs of the proceeding in the amount of $1214.60.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE and ALMA WILSON, JJ., concur.

WATT, J. with whom OPALA, KAUGER, JJ. join, dissenting.

I would suspend respondent for 30 days.