**In the Matter of the Reinstatement of Philip W. DURRILL.**

**S.C.B.D. No. 3944.**

Supreme Court of Oklahoma.

March 15, 1994.

John E. Douglas, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Frank Kirk, Oklahoma City, for respondent.

LAVENDER, Vice Chief Justice.

This matter is before the Court for consideration of Respondent, Philip W. Durrill's petition for reinstatement to membership in the Oklahoma Bar Association. Upon consideration of the matter we find:

1. This matter was before the Trial Panel on the 29th day of November, 1993.

2. Respondent was admitted to the Oklahoma Bar Association in 1976 and was a member in good standing of the Oklahoma Bar Association until his suspension effective March 25, 1988 for a period of nine (9) months, 776 P.2d 560 (Okla.1989).

3. Respondent has not practiced law in any Court in the State of Oklahoma since his suspension.

4. Respondent possesses good moral character which would entitle him to be readmitted to the Oklahoma Bar Association.

5. Respondent has not engaged in any unauthorized practice of law since his suspension.

6. Respondent possesses the competency and learning in the law required for admission to practice in the State of Oklahoma.

7. Respondent has paid the costs connected with the original disciplinary proceeding and has complied with the other conditions imposed by our earlier opinion as conditions upon Respondent seeking reinstatement.

In that Respondent has met his burden of proof as to each of the requirements of Rule 11.5 of the Rules Governing Disciplinary Proceedings by clear and convincing evidence [1],

---

1. While the Bar expressed mixed emotion in closing arguments as to whether Respondent had

it is therefore **ORDERED** Respondent be readmitted to the practice of law in the State of Oklahoma. Reinstatement is conditioned upon Respondent paying the costs of this proceeding in the amount of $1,009.49 to Complainant. Respondent is not required to retake the Bar examination as a condition to reinstatement.

HODGES, C.J., and SIMMS, HARGRAVE, OPALA, KAUGER, SUMMERS and WATT, JJ., concur.

met his burden of proof under the eight factors set forth in *State of Oklahoma ex rel. Oklahoma Bar Assoc. v. Kamins,* 568 P.2d 627 (Okla.1977), it was pointed out by a member of the tribunal that had Respondent applied for reinstatement

nine months and one day after the suspension, Respondent would not had to have gone through any hearing. The Bar does not contest Respondent's reinstatement.