2004 OK 86

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**Walter G. STEPHENSON, Respondent.**

**No. SCBD 4950.**

Supreme Court of Oklahoma.

Nov. 15, 2004.

¶0 ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.

¶1 This matter is before this Court pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1 App. 1–A, for consideration of the Oklahoma Bar Association's October 21, 2004 application for an order approving the affidavit of resignation pending disciplinary proceedings of respondent, Walter G. Stephenson.

¶2 Upon consideration, we find:

1. On October 20, 2004, Respondent signed and submitted his affidavit requesting he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law pending disciplinary proceedings.

2. Respondent's resignation is freely and voluntarily tendered, he was not subject to coercion or duress and he is fully aware of the consequences of submitting his resignation.

3. Respondent is aware that his resignation is subject to the approval or disapproval of this Court, and is within our discretion.

4. Respondent is a member of the Bar Association and his license to practice law was previously in good standing, but at this time respondent is suspended from the practice of law in Oklahoma by reason of this Court's July 1, 2004, Order of Suspension in SCBD #4929, resulting from respondent's failure to comply with Mandatory Continuing Legal Education requirements.

5. Respondent is aware that a disciplinary action is pending against him in this Court concerning a formal complaint filed August 25, 2004, which sets forth two counts of alleged misconduct alleged to constitute grounds for the imposition of professional discipline for violating the mandatory provisions of Rules 8.1(b) and 8.4(a)and (c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, and Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch.1, App.1–A, and his oath as an attorney.

The complaint charges in the first count that respondent failed to respond to the grievance after notification by the General Counsel of the Oklahoma Bar Association and failed to appear at the Oklahoma Bar center as ordered by a subpoena duces tecum commanding his appearance, sworn testimony and production of documents.

The second count charges that respondent failed to appear at his rescheduled deposition, and that he failed to communicate with complainant regarding his inability to appear and that respondent did not respond to further requests by the General Counsel for information and did not respond to the grievance after notification by the Oklahoma Bar Association.

6. The grievance was filed with The Office of the General Counsel on April 19, 2004, by Eric R. Franklin, Warden of the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. It stated that the Oklahoma Department of Corrections (Department) had intercepted correspondence and money sent by respondent to an inmate named Calvin Patillar who was incarcerated at JCCC, as

well as correspondence from Patillar to respondent instructing him to send money to another inmate at JCCC, apparently violating Department prohibition of the transfer of money from one inmate directly or indirectly to another inmate unless they are verified relatives; that respondent was not and is not the attorney of record listed with the Department or JCCC for Patillar, nor a verified relative; and that sending Patillar money under such circumstances contravened Department policy and guidelines.

7. An Enhancement provision of the complaint states that respondent was previously disciplined by this Court by public censure for misconduct involving the mishandling of client funds. See State ex rel. Oklahoma Bar Association v. Stephenson, 1990 OK 99, 798 P.2d 1078.

8. Respondent is aware that the burden of proof regarding the allegations of wrongdoing set forth in the affidavit rests upon the Oklahoma Bar Association, and he waives all right to contest the allegations.

9. Respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of the Rules 1.3, and 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch.1, App.1–A, and Rules 8.1(b) and 8.4(a) and (c), Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, and his oath as an attorney.

10. Respondent is aware of the requirements of Rule 8.1 of the Rules Governing Disciplinary Proceedings, and will comply with the provisions within twenty days following his resignation.

11. Respondent is aware that he may not make application for reinstatement for membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of the order approving his resignation and that reinstatement requires full compliance with Rule 11 of the Rules Governing Disciplinary Proceedings.

12. Respondent is aware that the Client Security Fund may receive claims from his former clients, and if the Oklahoma Bar Association approves and pays any claims against him, he will reimburse the Bar Association for those funds, including principal and statutory interest, prior to filing an application for reinstatement.

13. Although costs have been incurred by the complainant, Oklahoma Bar Association, in the investigation of this matter, complainant has agreed to waive payment of these costs by respondent.

14. The official roster address of respondent is: Walter G. Stephenson, Oklahoma Bar Association # 10135, 2130 E. 48th Street, Tulsa, OK 74105–8701.

15. Respondent's resignation pending disciplinary proceedings complies with all requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings.

¶ 3 IT IS THEREFORE ORDERED that complainant's application is approved and respondent's resignation is accepted and approved effective November 15th, 2004.

¶ 4 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys. and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this Order. See State ex rel Oklahoma Bar Association v. Bourland, 2001 OK 12, 19 P.3d 289, 291–292.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15th DAY OF NOVEMBER, 2004.

¶ 6 ALL JUSTICES CONCUR.